UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FIELDTURF USA, INC.,<br><br>Defendant. | Case No. 3:23-cv-06472-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

The District Council 16 Northern California Health and Welfare Trust Fund ("Health Fund"), the District Council 16 Northern California Journeyman and Apprentice Training Trust Fund ("Apprentice Fund"), and the Trustees of both funds, Robert Williams and John Maggiore, sue FieldTurf USA, Inc. ("FieldTurf"), alleging FieldTurf failed to pay required contributions and dues pursuant to a previous agreement and the governing documents of the Employee Retirement Income Security Act of 1974 ("ERISA"). Now pending before the Court is Defendant's motion to dismiss the complaint or make the complaint more definite and certain.[1] (Dkt. No. 12.)[2] Having carefully considered the briefing,[3] the Court concludes oral argument is not necessary, *see* N.D.

---

[1] Defendant also originally moved to strike Plaintiffs' request for injunctive relief. (Dkt. No. 12 at 2.) In their opposition, Plaintiffs clarified they "are not moving for either a temporary restraining order or preliminary injunction." (Dkt. No. 15 at 7.) FieldTurf's reply indicated "[i]n light of that clarification, the motion to strike is no longer necessary, and FieldTurf therefore withdraws it." (Dkt. No. 17 at 2.) So, the Court will not consider FieldTurf's motion to strike.

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[3] Plaintiffs also request the Court take judicial notice of two other complaints and two summary judgment orders. (Dkt. No. 16.) A court can take judicial notice of facts "not subject to reasonable dispute" because they are "generally known within the court's territorial jurisdiction" or can be "accurately determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes "undisputed matters of public record, including documents on file in federal and state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). However, "when a court takes judicial notice of another court's opinion, it may do so not for the

Cal. Civ. L.R. 7-1(b), and GRANTS Defendant's motion. Plaintiffs have failed to allege sufficient facts to plausibly entitle them to relief.

## COMPLAINT ALLEGATIONS

The Health Fund and the Apprentice Fund are employe benefit plans as defined in ERISA. (Dkt. No. 1 ¶ 1.) FieldTurf is "an employer by virtue of" ERISA. (*Id.* ¶ 2.)

FieldTurf "entered into the Northern California Floor Covering Master Agreement ("Bargaining Agreement") between the Union and the Floor Covering Association, Central Coast Counties requiring employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and to the other plans more fully describe[d] in the Bargaining Agreement." (*Id.* ¶ 9.)

According to the agreement and the governing ERISA documents, "Defendant is required to regularly pay" Plaintiffs "certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees." (*Id.* ¶ 11.) "Contributions are due on the fifteenth (15th) day of the month following the month hours were worked, and considered delinquent if not received by the last day of that month." (*Id.*) The agreement provides Defendant must "pay liquidated damages . . . for each delinquent contribution" and "interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the day contributions become delinquent." (*Id.*) The agreement also "requires Defendant to maintain time records or timecards, and to submit any and all relevant records to Plaintiffs for examination to determine whether Defendant is making full and prompt payment of all sums required to be paid by Plaintiffs." (*Id.* ¶ 12.) Plaintiffs are third party beneficiaries of the agreement. (*Id.* ¶ 9.) "Under the terms of the Bargaining Agreement, Plaintiffs' Trustees are authorized to collect monies due by Defendant to" various entities and "dues due to the Union." (*Id.* ¶ 10.)

"Defendant has failed and refused to pay delinquent contributions, liquidated damages, and interest found due on a payroll audit for the time period October 1, 2016 through March 31, 2021." (*Id.* ¶ 13.) "Defendant has also failed to pay liquidated damages and interest on late-paid

---

truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (cleaned up). So, the Court takes judicial notice of the existence of these court records, but not of the truth of their contents.

2

1   contributions for the months: February 2021 through May 2021 and November 2022." (*Id.* ¶ 14.)

2   Plaintiffs bring one cause of action "for payment of delinquent contributions, interest,

3   liquidated damages, attorneys' fees and costs against Defendant." (*Id.* at 4.) Plaintiffs allege

4   Defendants "breached" the relevant agreement and ERISA governing documents under ERISA §

5   515, 29 U.S.C. § 1145, and the Labor Management Relations Act § 301(a). (*Id.* ¶ 19.)

## DISCUSSION

### I.   LEGAL STANDARD

FieldTurf asserts Plaintiffs' complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(6), and in the alternative, requests under Federal Rules of Civil Procedure 12(e) that the Court order Plaintiffs to make the complaint more definite and certain.

A complaint should be dismissed under Rule 12(b)(6) if it lacks sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). A claim is facially plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Rule 12(e) provides "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "[T]he proper test in evaluating a Rule 12(e) motion is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Rasku v. City of Ukiah*, 460 F. Supp. 3d 934, 940 (N.D. Cal. 2020) (quoting *Fed. Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988)).

### II.   MOTION TO DISMISS

#### A.   Breach of Contract

Under California law, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for

3

nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008), *as modified on denial of reh'g* (Feb. 5, 2008).

To state a claim for a breach of contract, "it is absolutely essential to plead the terms of the contract either [verbatim] or according to legal effect." *Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252 (1989); *see also Maxwell v. Dolezal*, 231 Cal. App. 4th 93, 98 (2014) ("In an action based on a written contract, a plaintiff may plead the legal effect of the contract rather than its precise language.") (cleaned up); *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979–80 (N.D. Cal. 2014) (explaining the plaintiff must allege "the material terms of a specific contract" and "state which obligations a defendant allegedly breached"). A "[p]laintiff fails to give Defendant fair notice of the breach of contract claim when" the plaintiff "does not identify the specific terms of the specific agreements that Defendant allegedly breached." *Bella Canvas, LLC v. TSC Apparel, LLC*, No. 2:20-CV-05947-RGK-AS, 2020 WL 7048306, at *2 (C.D. Cal. Sept. 17, 2020); *see also Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012) ("The complaint must identify the specific provision of the contract allegedly breached by the defendant.").

Plaintiffs have not pled the terms of their contract with Defendant. Plaintiffs allege the existence of contracts, which the complaint refers to as the "Bargaining Agreement" (Dkt. No. 1 ¶¶ 9), and the "Trust Agreements." (*Id.* ¶ 11.) Plaintiffs further allege the Bargaining Agreement, and the Trust Agreements which are incorporated in the Bargaining Agreement, provides Defendant must pay employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and "to other plans more fully describe [sic] in the Bargaining Agreement" (*id.* ¶ 9), and Defendant must "maintain time records or timecards" and submit them to Plaintiffs for examination. (*Id.* ¶ 12.) Plaintiffs further allege, according to the Bargaining Agreement, "the amounts" which Defendant must pay Plaintiffs "are determined by the hours worked by Defendant's employees." (*Id.* ¶ 11.) Finally, Plaintiffs allege Defendant "fail[ed] to make the required payments to Plaintiffs," and therefore breaching the Bargaining Agreement. (*Id.* ¶ 19.)

However, Plaintiffs do not allege any specific terms of the Bargaining Agreement —such

1 as how such payment amounts are calculated under the terms of the agreement.  Plaintiffs also do

2 not allege Defendant's employees performed work which entitles Plaintiffs to the funds.  Nor do

3 they allege Defendant failed to submit relevant time records or timecards to Plaintiffs.  Plaintiffs

4 do not specify which provisions of the agreements Defendant violated—was it the payment to the

5 Union, the employer contributions to Plaintiffs' ERISA funds, both of those payments, or payment

6 to "other plans more fully describe[d] in the agreement"?

7 So, Plaintiffs have failed to plead a breach of contract claim.

**B.     ERISA § 515, 29 U.S.C. § 1145**

ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

Section 1145 "imposes no independent obligation upon employers; it merely provides a federal cause of action to enforce pre-existing obligations created by collective bargaining agreements" or multiemployer pension plans (e.g., plans created through agreements among multiple employers and one or more unions). *Trustees of Screen Actors Guild-Producers Pension & Health Plans v. NYCA, Inc.*, 572 F.3d 771, 776 (9th Cir. 2009); *see also Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 605 (1993) (defining a "multiemployer pension plan" as "a plan created through an agreement among multiple employers and one or more unions" where "[t]he contributions made by employers participating in such a multiemployer plan are pooled in a general fund available to pay any benefit obligation of the plan").

As explained above, Plaintiffs do not specify terms of a "multiemployer plan" or of a "collective bargaining agreement."  Therefore, Plaintiffs have not alleged which provisions Defendant violated.  So, Plaintiffs have failed to plead a claim under 29 U.S.C. § 1145.

**C.         LMRA**

LMRA § 301 provides, in part:

5

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C.A. § 185(a). The rest of LMRA § 301 indicates other jurisdictional rules and procedures for suits between employers and unions. 29 U.S.C.A. § 185(b)-(e). Section 301 does not, on its face, place any independent obligations on Defendant. So, Plaintiffs have failed to plead a claim under LMRA § 301.

Plaintiffs also assert Defendant must perform obligations under other LMRA provisions, 29 U.S.C. §§ 141-197. (Dkt. No. 1 ¶ 21.) Plaintiffs do not identify any specific obligations under these statutes, nor make any more specific references to these statutes. So, Plaintiffs have failed to plead a claim under the LMRA.

### D. Plaintiffs' Arguments

Plaintiffs' reliance on *GCIU-Employer Retirement Fund v. Quad/Graphics, Inc*., is misplaced. No. 2:16-cv-00100-ODW (AFMx), 2016 U.S. Dist. LEXIS 69396 (C.D. Cal. May 26, 2016). There the defendant argued that to state a claim the plaintiff must state the exact amount due for each employee. *Id.* at *6. Defendant makes no such argument here. Instead, Defendant argues it does not even know what type of payments Plaintiffs allege are delinquent and to what funds and in what months. Indeed, the *GCIU-Employer Retirement Fund* court initially dismissed the complaint because, much like the complaint here, the plaintiffs "failed to allege such critical facts as which of Defendant's other facilities were at issue and what the terms of the relevant [collective bargaining agreements] were." *Id.* at *3.

Plaintiffs' citations to *Dist. Council 16 N. Cal. Health & Welfare Trust Fund v. Hulsey Contr. Inc.*, No. 20-cv-02863-JCS, 2023 U.S. Dist. LEXIS 203168 (N.D. Cal., Nov. 13, 2023) and *Operating Engineers Health & Welfare Tr. Fund for N. California v. JS Taylor Construction, Inc.*, No. 17-cv-00896-EMC, 2019 U.S. Dist. LEXIS 200783 (N.D. Cal., 2019) also miss the point. In those cases, the defendants did not move to dismiss the complaints, so there was no evaluation of whether the complaints stated a claim. A defendant is not required to move to dismiss; it can

6

answer a complaint it believes is insufficient and will often do so to save costs, especially if it believes the deficiency can be cured.

### III. MOTION TO MAKE THE COMPLAINT MORE DEFINITE AND CERTAIN

Having granted Defendant's motion to dismiss, the Court DENIES Defendant's motion to make the complaint more definite and certain as moot.

### IV. LEAVE TO AMEND

Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). The Court therefore gives Plaintiffs leave to amend their complaint. Plaintiffs shall file any amended complaint by April 18, 2024.

### CONCLUSION

For the reasons stated above, the Court GRANTS FieldTurf's Motion to dismiss. Plaintiffs shall file any amended complaint by April 18, 2024. The Initial Case Management Conference set for March 28, 2024 is continued to May 16, 2024 at 1:30 p.m. by Zoom video. If the parties have any updates to their previously filed joint case management statement, any updated statement is due May 9, 2024.

This order resolves Dkt. No. 12.

**IT IS SO ORDERED.**

Dated: March 25, 2024

JACQUELINE SCOTT CORLEY
United States District Judge